UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM PURNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02426-SEB-MJD |
| | ) | |
| LONG ELECTRIC COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW AND MOTION NOTWITHSTANDING THE VERDICT**

A jury trial was held in this 42 U.S.C. § 1981 employment discrimination case from February 24 through February 26, 2025. During the jury trial, at the close of Plaintiff William Purnell's case, Defendant Long Electric Company, Inc. ("Long Electric") orally moved under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law and contemporaneously filed an identical written motion [Dkt. 103]. The Court reserved judgment on the motions, and, at the end of the trial, the jury found that Mr. Purnell had proved by a preponderance of the evidence that Long Electric had laid him off because of his race and awarded Mr. Purnell $22,000.00 in damages. Defendant has now moved for judgment notwithstanding the verdict [Dkt. 105], pursuant to Federal Rule of Civil Procedure 50(b), arguing that viewing all the facts and inferences adduced at trial in a light most favorable to Plaintiff, there is no evidence that race was the "but-for" reason Plaintiff was laid off. After again reviewing the trial evidence and

1

considering the parties' arguments, for the reasons detailed below, we DENY Defendant's oral and written motions.

## Applicable Legal Standard

Rule 50 provides that a district court may enter judgment against a party who has been heard fully on an issue during a jury trial if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a) (motion for judgment as a matter of law); Fed. R. Civ. P. 50(b) (renewed motion for judgment as a matter of law). On a renewed motion under Rule 50(b) for judgment as a matter of law, a court is "limited to deciding only whether the evidence presented at trial, with all the reasonable inferences drawn there from, is sufficient to support the verdict when viewed in the light most favorable to the [nonmoving party]." *Hasham v. California State Bd. of Equalization*, 200 F.3d 1035, 1043 (7th Cir. 2000) (internal quotation marks and citation omitted). In other words, "[i]n deciding a Rule 50 motion, the court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook Cnty.*, 689 F.3d 655, 659 (7th Cir. 2012) (citations omitted).

Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[,]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986), the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). Applying these

2

legal principles, a jury verdict will be overturned only if the court finds that "no rational jury could have found for the plaintiff." *Hasham*, 200 F.3d at 1043 (internal quotation marks and citation omitted).

## Discussion

Long Electric contends that it is entitled to judgment as a matter of law, first, because Mr. Purnell failed to present sufficient evidence from which a reasonable jury could conclude that his race was the "but-for" cause of his layoff, and second, because Mr. Purnell failed to establish any entitlement to compensatory damages. We address these arguments in turn below.

### I.     Liability

In order to prevail on his § 1981 claim, Mr. Purnell had to present evidence that would allow a reasonable jury to conclude that he would not have been laid off if he were not African American but everything else had remained the same. Long Electric argues that the unrefuted evidence presented at trial establishes that Jeff Chlystun, the President of Long Electric, alone made the decision to lay Mr. Purnell off, that Mr. Chlystun did not know Mr. Purnell personally nor his race at the time, and that he made the decision for the nondiscriminatory reason that Mr. Purnell was the only electrician who had been discovered by a representative of the general contractor to be alone, with the lights off, in the break room of another subcontractor when he should have been working, which situation Mr. Chlystun believed would significantly impact Long Electric's business interests in regard to an anticipated delay claim against the general contractor. Defendant

3

maintains that, on these facts, no reasonable jury could find that race was the "but-for" cause of Plaintiff's layoff.

It is true that, viewing the evidence in the light most favorable to *Defendant*, that a reasonable jury could have concluded that race was not the but-for cause of Plaintiff's layoff. But that is not the standard in ruling on a Rule 50 motion. Rather, the Court must construe the evidence adduced in favor of *Plaintiff*, and, in doing so here, we find that Mr. Purnell presented sufficient evidence for a reasonable jury to conclude that, but for his race, he would not have been laid off. In the faceoff between Mr. Purnell and Mr. Chlystun regarding the reasons for his layoff, the jury sided with Mr. Purnell. Seventh Circuit law is clear that "it is the prerogative of a jury or other trier of fact to disbelieve uncontradicted testimony unless other evidence shows that the testimony must be true." *Harvey v. Office of Banks and Real Estate*, 377 F.3d 698, 712 (7th Cir. 2004) (quotation marks and citation omitted). "When a plaintiff offers specific evidence from which the jury may reasonably infer that the proffered reasons are not truthful, the case turns on the credibility of the witnesses." *Id.* (quotation marks and citation omitted). Ultimately, this case came down to a credibility assessment, a matter wholly within the jury's purview. Because we find that Mr. Purnell presented sufficient evidence for a rational jury to disbelieve Long Electric's nondiscriminatory reason(s) for its decision and to believe him, we must not disturb the jury's verdict.

Mr. Purnell's evidence included that Long Electric's proffered nondiscriminatory reasons for his layoff shifted from one explanation to another as this litigation evolved, from which a reasonable jury could conclude that the veracity of those explanations was

4

in doubt. At the time Long Electric made the decision to lay off Mr. Purnell, who was at the time the only African American electrician the company employed, he was not informed that his having been found in the break room by the general contractor was the reason for his layoff; rather, the sole reason provided to him by Long Electric in his notice of separation was that there was underway a reduction in force. The jury heard testimony from several witnesses explaining that it was common knowledge among employees and management that the governing collective bargaining agreement required local Union members like Mr. Purnell to be given priority over non-locals and temporary employees in any reduction in force and that, when two white electricians on the job site—one known to be from New York and the other known to be a retiree and temporary employee—were not laid off as they should have been before Mr. Purnell, the explanation of a reduction in force was, or could have been, brought into question. Mr. Purnell also presented evidence that Long Electric laid off the non-local electrician and accepted the retiree's offer to voluntarily leave only after the Union had complained, and that, other than the non-local electrician, Long Electric did not invoke a reduction in force as the reason for the layoff of any other employee during that same time period.

    The jury also heard evidence that, after Mr. Purnell filed this lawsuit, Long Electric, in its interrogatory responses, listed for the first time various performance issues as the impetus for his layoff, including poor attendance, leaving the jobsite without proper notice, taking breaks in areas other than the designated break area, taking extended lunch breaks, and using improper materials on the job. Mr. Purnell countered these assertions by establishing through various forms of evidence that he was never

disciplined for any of these infractions while employed by Long Electric, and, in some cases, had received tacit approval for his conduct from the company's management. Other evidence presented at trial would have permitted a reasonable jury to conclude that similarly-situated white employees regularly engaged in identical, or, at least with regard to attendance issues, arguably more egregious conduct, and were not laid off.

As previously noted, Mr. Chlystun testified at trial that the "sole" reason he laid off Mr. Purnell was because he knew that a reduction in force was going to be necessary due to delays by the general contractor and that Mr. Purnell was the only electrician about whom the general contractor had complained, which led Mr. Chlystun to believe that keeping Mr. Purnell on the job site could potentially jeopardize the success of the delay claim that Long Electric planned to file against the general contractor.  However, Mr. Chlystun conceded that none of Long Electric's interrogatory responses reference Mr. Purnell's having been found in the break room by the general contractor as the main reason for his layoff.  The jury also heard evidence that, in Mr. Chlystun's prior sworn declaration, he had testified under oath that he had made the decision to layoff Mr. Purnell "based only on" Mr. Purnell's history of attendance issues and the short duration that he had worked for Long Electric, which was information supplied to him by Mr. Purnell's supervisors, David Burnworth and Marc Duncan, both of whom had worked directly with Mr. Purnell and thus knew his race and also knew that several white employees had accumulated many of the same performance issues.  Mr. Burnworth's statements provided under oath prior to trial that the decision to lay off Mr. Purnell was a collective decision following a discussion regarding his attendance and other

6

performance issues were inconsistent with Mr. Chlystun's testimony, allowing the jury, if it chose to do so, to discredit Mr. Chlystun's explanations for laying off Mr. Purnell.

In sum, based on this evidence, the jury had sufficient evidence before it to disbelieve Mr. Chlystun's testimony that he alone made the decision to lay off Mr. Purnell solely because Mr. Purnell was found by the general contractor in the wrong break room. When a jury concludes that the employer's stated reason is a pretext, the jury may consider the pretextual explanation as evidence of discrimination, which as best we can determine is what the jury did here in reaching its unanimous verdict. We repeat: because issues of credibility are wholly within the jury's purview, we are not legally authorized to second guess those assessments.

## II.     Compensatory Damages

Long Electric also contends that, even if the Court were to find that Mr. Purnell presented evidence sufficient to allow a reasonable jury to find that his race was the but-for cause of his layoff, he failed to prove an entitlement to any compensatory damages as a result of Long Electric's actions. At trial, the jury was instructed that the only type of compensatory damages it could properly consider was any mental and emotional pain and suffering that Mr. Purnell experienced and was reasonably certain to experience in the future as a result of Long Electric's unlawful conduct.[1] As noted above, following deliberations, the jury awarded Mr. Purnell $22,000.00 in compensatory damages.

---

[1] In support of its Rule 50(b) motion, Long Electric also puts forth an argument regarding lost wages, back pay, and front pay. Because those issues were not presented to the jury for its consideration, we do not address them further in this Order.

"To determine whether an award of compensatory damages is excessive, we consider whether the damages awarded (1) were monstrously excessive; (2) had no rational connection between the award and the evidence; and (3) were roughly comparable to awards made in similar cases." *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013) (citations omitted).

Long Electric argues that Mr. Purnell failed to proffer any evidence in support of his compensatory damage claim, citing the fact that, although mental and emotional health assistance was available to him through the Union following his layoff, he never sought any such assistance. Mr. Purnell conceded in his testimony that he did not seek professional help or utilize any mental health services available from the Union following his layoff. However, regarding the emotional and psychological effects he experienced since the layoff, Mr. Purnell did testify that his layoff left him feeling nervous and paranoid, that others have noticed his exhibiting such feelings, and that he is unable to be comfortable at work because he always feels uncertain of when it might be his last day on the job.

Seventh Circuit law is clear that "[a]n award for nonpecuniary loss can be supported, in certain circumstances, solely by a plaintiff's testimony about his … emotional distress." *Tullis v. Townley Engineering & Mfg. Co.*, 243 F.3d 1058, 1068 (7th Cir. 2001). "Juries are responsible for evaluating the credibility of witnesses who testify to emotional distress," *Gracia v. SigmaTron Int'l, Inc.*, 842 F.3d 1010, 1022 (7th Cir. 2016), and, as discussed above, we do not disturb a jury's credibility determination on a Rule 50 motion. While Mr. Purnell's testimony at trial regarding the emotional and

8

mental suffering he experienced due to the layoff was admittedly abbreviated, "brevity and self-control in a judicial proceeding need not be interpreted as a weak case, and the jury … [was] entitled to take that view." *Deloughery v. City of Chicago*, 422 F.3d 611, 620 (7th Cir. 2005). It is "the jury's job to gauge [the plaintiff's] distress and determine an appropriate amount to compensate [him]." *Gracia*, 842 F.3d at 1023.

Here, the jurors observed Mr. Purnell as he testified regarding his emotional distress following the layoff and "apparently found [his] testimony to be sincere and sufficient to convince them that []he merited the award they gave [him]." *Id.* at 1022. The award the jury reached is by no means "monstrously excessive," it appears commensurate with the discriminatory events that transpired and the level of emotional distress to which Mr. Purnell testified. It is, in no event, out of line with awards in similar cases. *See, e.g.*, *id.* at 1022–23 (upholding award of $50,000 in compensatory damages for retaliatory discharge where only evidence of non-economic damages was the plaintiff's testimony that, "It was hard. I was just depressed. I have always been used to working."); *see also David v. Caterpillar*, 185 F. Supp. 2d 918, 923–24 (C.D. Ill. 2002) (remitting compensatory damages to $50,000 for plaintiff who felt depressed, "robbed," and "cheated" by a discriminatory failure to promote but neither sought counseling nor was treated for emotional harm). Accordingly, we will not disturb the jury's award of $22,000.00 in compensatory damages to Plaintiff.

## Conclusion

For the reasons detailed above, Defendant's Motions for Judgment as a Matter of Law [Dkt. 103] and Judgment Notwithstanding the Verdict [Dkt. 105] are <u>DENIED</u>.

Plaintiff's request for lost wages, Defendant's objection thereto, and Plaintiff's motion for attorney fees and costs will be addressed in other orders in due course.

    IT IS SO ORDERED.

Date: _____5/15/2025_____   _____*Sarah Evans Barker*_____
                                                                   SARAH EVANS BARKER, JUDGE
                                                                   United States District Court
                                                                   Southern District of Indiana

Distribution:

Amber K. Boyd
Amber Boyd Attorney at Law
amber@amberboydlaw.com

Robin C. Clay
CURLIN & CLAY LAW
rclay@curlinclaylaw.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Stephen Rollins, II
Amber Boyd Law
stephen@amberboydlaw.com

Donald S. Smith
RILEY BENNETT EGLOFF LLP
dsmith@rbelaw.com

Gregory A. Stowers
Stowers Legal
gstowers@stowersandweddle.com

Lauren M. Thompson
Amber K. Boyd Attorney at Law
lauren@amberboydlaw.com