UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM PURNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02426-SEB-MJD |
| ) | |
| LONG ELECTRIC COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

Now before the Court is Plaintiff William Purnell's motion for attorney fees and a reimbursement of costs [Dkt. 112] incurred by him in litigating his 42 U.S.C. § 1981 employment discrimination action against Defendant Long Electric Company, Inc. ("Long Electric"). Specifically, Mr. Purnell's motion seeks $203,728.00 in attorney fees, plus an upward adjustment in an amount to be determined by the Court, plus $3,631.74 in costs. For the reasons detailed below, we GRANT IN PART Mr. Purnell's request by modifying the amounts to which he is entitled.

**Factual and Procedural Background**

On December 19, 2022, Mr. Purnell commenced this case by filing his complaint alleging that Long Electric had laid him off because of his race in violation of § 1981. Mr. Purnell's race discrimination claim survived summary judgment and a three-day jury trial which began on February 24, 2025. On February 26, 2025, the jury returned a verdict in favor of Mr. Purnell, awarding him $22,000.00 in compensatory damages. On

May 15, 2025, the Court entered an order denying Long Electric's motions for judgment as a matter of law and for judgment notwithstanding the verdict, and, on May 29, 2025, Mr. Purnell was awarded by the Court $6,646.50 in back pay.

Now before the Court is Mr. Purnell's motion for attorney fees and costs. Long Electric objects to Mr. Purnell's requested amount of fees and costs because the hourly rates requested for each of his trial counsel are unreasonable and his fee application includes: (1) non-billable entries for administrative tasks; and (2) duplicative and/or excessive entries where the time spend does not support the work product produced such that the total amount requested is unfairly inflated and otherwise unreasonable.

## Legal Analysis

### I.     Attorney Fees Under 42 U.S.C. § 1988

In civil rights actions brought pursuant to § 1981, "the court, in its discretion may allow the prevailing party, … a reasonable attorney's fee as part of the costs …." 42 U.S.C. § 1988. "A 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). A party is a "prevailing party" if he "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

After the plaintiff is determined to be the prevailing party, the Court must determine the appropriate amount of fees. To do so, courts typically apply the lodestar method to calculate a reasonable attorney fee, which is done by multiplying the attorney's

2

reasonable hourly rate by the number of hours reasonably spent on the case. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The lodestar approach "applies even in cases where the attorney represents the prevailing party pursuant to a contingent fee agreement." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (citation omitted). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (citation omitted). Once the lodestar figure is calculated, it is presumed reasonable, but the Court may in its discretion adjust the amount "to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 675, 682 (7th Cir. 2022) (quotation marks and citation omitted).

Here, Mr. Purnell succeeded on the sole issue litigated in this case, to wit, his claim that Long Electric laid him off because of his race in violation of § 1981. Accordingly, Mr. Purnell is the prevailing party in this litigation and is entitled to reasonable attorney fees under § 1988. As referenced above, Mr. Purnell seeks $203,728.00 in attorney fees, plus an upward adjustment to be determined by the Court. Long Electric objects to Mr. Purnell's request and challenges the hourly rates sought as well as the hours claimed. We address these objections in turn below.

### A. Hourly Rates

To calculate the amount of reasonable fees incurred, we first must determine the reasonableness of the hourly rates sought by Mr. Purnell's counsel. A reasonable hourly

rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999) (quotation marks and citation omitted).  Courts presume that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate.  *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003).  The fee applicant bears the burden of "produc[ing] satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (quotation marks and citation omitted).  Once this burden is satisfied, it is incumbent upon the other side to offer evidence that provides "a good reason why a lower rate is essential." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996) (internal quotation marks and citation omitted).

In cases where an attorney typically uses contingent fee arrangements, the Seventh Circuit has advised district courts to rely on "the next best evidence" of an attorney's market rate, namely, "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Spegon*, 175 F.3d at 555.  If a fee applicant fails to satisfy its burden, the district court may properly "make its own determination of a reasonable rate." *Pickett*, 664 F.3d at 640 (citation omitted).

### i.     Affidavits

Mr. Purnell seeks recovery of fees for work performed by a veritable law firm consisting of six attorneys—Amber K. Boyd, Gregory A. Stowers, Robin C. Clay, Julie

Alexander, Stephen Rollins, and Lauren M. Thompson—and three paralegals—Babette Johnson, Grace Oreofe, and Leslie Firestone.[1]  Mr. Purnell's reimbursement rate is $500 per hour for Attorneys Boyd, Stowers, and Clay; $400 per hour for Attorney Alexander; $300 per hour for Attorney Rollins; $260 per hour for Attorney Thompson.  The rate of $190 per hour is sought for Paralegal Johnson and $150 per hour for Paralegals Oreofe and Firestone.  In support of these hourly rates, Mr. Purnell has submitted affidavits by each of these attorneys as well as the affidavits of David Henn and Tae Sture, two attorneys who practice employment law in the Indianapolis area and whose careers span more than thirty years and twenty years, respectively.

While each of Mr. Purnell's attorneys has submitted an affidavit attesting to the reasonableness of the hourly rates they request based on those charged by attorneys of comparable skill and experience, we are not entirely persuaded.  This case was taken as a contingency-fee matter and none of these attorneys' affidavits states that their former clients have actually paid those amounts or that any of the attorneys has actually been awarded their respective hourly rates in cases similar to this one.  Mr. Purnell's case was a fairly straightforward, garden-variety employment discrimination case, without any complications of fact or law.[2]  Accordingly, we view these attorney affidavits to be of

---

[1] The initials one additional timekeeper ("NL") appear in Mr. Purnell's attorneys' time logs, but it is not clear what employee they reference.  Because we are therefore unable to determine whether the rate for this person is reasonable, we will deduct that timekeeper's hours (1.1 hours at $250/hour) from Mr. Purnell's overall request.

[2] In Ms. Boyd's affidavit, she cites *Wright v. Thread Experiment, LLC*, No. 1:19-cv-01423-SEB-TAB, 2022 WL 445530 (S.D. Ind. Feb. 14, 2022) as an example of a civil rights case in which this court awarded fees at the rate of $500.00 per hour.  However, that case was not an employment discrimination case and the attorneys, who were located in California, acknowledged that the rate they requested was high for similar civil rights cases in the Seventh

reduced probative value in making our analysis. *See Spegon*, 175 F.3d at 556 ("An attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services.").

  The only other evidence submitted by Mr. Purnell to support the reasonableness of his attorneys' requested rates are the affidavits of Attorneys Sture and Henn. Mr. Sture, who has practiced labor and employment law since 2004, avers generally that he currently bills his "litigation services" at $500 per hour. Mr. Henn, who has practiced employment law in central Indiana since 1994 and currently focuses his practice on serving as a mediator, states that he is familiar with the legal services provided by Attorneys Boyd and Stowers and regards the $500 rate they request as reasonable for attorneys of similar knowledge, skill, and experience in managing "employment-related legal matters" in Indiana, particularly within the Southern District, and that such an hourly rate "is the reasonable hourly market rate for lawyers who have prevailed in similar fee-shifting lawsuits in the Southern District of Indiana, and who have comparable skill, knowledge, experience, and reputation as Mr. Stowers and Ms. Boyd." Henn Aff. ¶¶ 6–8.

  Although Mr. Henn attests that a $500 rate is reasonable for attorneys of comparable skill, knowledge, experience, and reputation to Attorneys Boyd and Stowers who have prevailed in similar fee-shifting lawsuits, he does not identify any specific case

---

Circuit. While the Court did award a $500 hourly rate, it specifically noted that while there were "good reasons" to reduce the requested rate, it chose instead to make downward adjustments elsewhere to reach a reasonable fee. *Id.* at *3. Accordingly, this case is of limited relevance to our determination of whether a $500 hourly rate is reasonable here.

when such a rate was awarded. Thus, it is impossible for us to assess whether such cases were of similar length and complexity as the one at bar and whether the attorneys were in fact comparable in skill, knowledge, experience, and reputation to Mr. Purnell's attorneys. Nor has Mr. Purnell's counsel presented sufficient evidence that the experience, skill, and reputation of Attorneys Boyd, Stowers, and Clay are comparable to Attorney Sture to justify awarding the same hourly rate that he attests he currently charges. "Length of time practicing is not by itself dispositive of a certain hourly rate," *Nichols v. Illinois Department of Transportation*, No. 12-cv-1789, 2019 WL 157915, at *4 (N.D. Ill. Jan. 10, 2019), and beyond years of experience,[3] there is little indication in the affidavits of the specific skills and professional affiliations of any of these attorneys to permit the Court to determine whether they are indeed comparable.

The same is true in terms of the attorneys' respective reputations in the legal community. Ms. Boyd's performance in this case so far as we are aware satisfied the professional standards and the Court's expectations of counsel, but that has not always been the case. In the past, there were occasions when the Court had to admonish Ms. Boyd's law firm, specifically Attorneys Boyd, Rollins, and Thompson, for various derelictions. *See, e.g.*, *Ohaeme v. Nissan*, No. 1:23-cv-00181-JMS-KMB, 2024 WL 3924584, at *2, *3 n.3 (S.D. Ind. Aug. 22, 2024) (stating that "the Court takes issue with Ms. Boyd's failure to adhere to the Court's Local Rules and Practices and Procedures";

---

[3] Attorney Boyd has decidedly fewer years of experience than Attorneys Sture and Henn. Attorney Stowers's number of years of experience is comparable to those of Attorney Henn, and Attorney Clay's and Attorney Alexander's years of experience are similar to Attorney Sture's.

that "[t]his is not the first or second case where failure to follow the Court's Practices and Procedures has occurred and where Ms. Boyd has been cautioned to follow the Court's Local Rules and its Practices and Procedures"; and that "the Court can forgive certain errors or omissions, but it cannot tolerate misrepresentations or untrue statements" after finding that a document submitted by Ms. Boyd "could *not* have been originally filed as counsel originally represented to the Court") (emphasis in original) (citing *Kelley v. Costco Wholesale Corp.*, 2023 WL 1782688, at *6–7 (S.D. Ind. Feb. 3, 2023); *Jett v. ISS Facility Servs., Inc.*, 2022 WL 1316528, at *2 n.1 (S.D. Ind. May 3, 2022)); *Johnson v. AT&T*, No. 1:24-cv-02245-JPH-MG (May 7, 2025, Ms. Boyd failure to appear); *Olatunji v. FedEx Supply Chain, Inc.*, No. 1:24-cv-02144-JRS-CSW (February 19, 2025, Ms. Boyd and Ms. Thompson failure to appear); *Ostrander v. Flambeau, Inc.*, No. 1:24-cv-02192-SEB-TAB (February 12, 2025, Mr. Rollins failure to appear); *Alston v. Hearthside Food Solutions, LLC*, No. 1:24-cv-00810-SEB-MJD (September 5, 2024, Ms. Boyd and Mr. Rollins failure to appear); *Shepler v. S&H Trucking, Inc.*, No. 1:21-cv-02927-SEB-KMB (May 24, 2023, Ms. Boyd failure to appear on two occasions). Although not specifically cited in the Court's prior admonishments, Attorneys Stowers and Clay each had appeared as co-counsel in at least one of the above-listed cases.

    For these reasons, the affidavits submitted by Mr. Purnell are entitled to reduced weight, given their conclusory nature and their failure to sufficiently support Mr. Purnell's attorneys' requested hourly rates. *See Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001) ("Although the district court must consider submitted evidence of the hourly rates of attorneys with comparable experience, the court is entitled

8

to determine the probative value of each submission and must arrive at its own determination as to a proper fee.") (quotation marks and citation omitted); *Harper v. City of Chi. Heights*, 223 F.3d 593, 604 (7th Cir. 2000) ("[A]n attorney's self-serving affidavit alone cannot establish the market rate for that attorney's services…."). Our conclusion is buttressed by a decision in a recent similar case regarding the hourly rate for attorney fees, namely in *Thomas v. Shohone Trucking, LLC*, No. 4:20-cv-00209-TWP-KMB, 2023 WL 2649490 (S.D. Ind. May 27, 2023). In *Thomas*, following approximately three years of litigation and a bench trial on back pay and front pay issues in a Title VII employment discrimination and retaliation case, the Court awarded a $250.00 hourly fee for an attorney with 36 years of experience in employment law and commercial litigation.

Of course, the hourly rate awarded in *Thomas*, though not a perfect match for the circumstances here because the liability issues in *Thomas* were never tried to a jury, rather, only a bench trial on damages, is nonetheless instructive. Accordingly, we favor a slightly higher hourly rate as reasonable here to account for the increased complexity associated with preparing for and trying the case to a jury, as was required of Mr. Purnell's counsel.

Based on the evidence before the Court and given the Court's familiarity with Mr. Purnell's case and the nature and extent of his attorneys' work in bringing this relatively uncomplicated matter to trial, and considering the fee award in *Thomas*, we conclude that the following are reasonable hourly rates for each of Plaintiff's attorneys: $350 per hour for Attorneys Boyd, Stowers, Clay; $300 per hour for Attorney Alexander; $250 per hour for Attorney Rollins; and $225 per hour for Attorney Thompson. A reasonable hourly

9

rate for each of the paralegals is $150 per hour. *See Franklin v. Nat'l Credit Sys., Inc.*, 2025 WL 961475, at *3 (S.D. Ind. Mar. 31, 2025) (awarding $125.00 hourly rate for paralegal services).

### 2. Hours Expended

Long Electric contends that the number of hours billed by Mr. Purnell's counsel and paralegals is excessive and/or duplicative and therefore urges us to reduce the number of recoverable hours for time entries accordingly, including for administrative and/or nonbillable tasks. We address these objections in turn below.

#### i. Administrative and Nonbillable Tasks

Long Electric challenges numerous time entries for what it characterizes as administrative tasks, including, *inter alia*, multiple communications with Mr. Purnell regarding billing and his issues accessing the firm's payment portal; several undefined "text messages" to Mr. Purnell billed at 0.1 hour each; and tasks such as uploading and printing documents, stamping exhibits with exhibit numbers and preparing exhibits and exhibit binders for trial, researching process servers, "typing" unidentified documents, and calendaring appointments. Mr. Purnell defends these allocations on the grounds that such tasks are typically assignable to paralegals and, under §1988, the prevailing party may recover attorney fees for paralegal time.

It is, of course, well-established fact that "[b]y encouraging the use of lower cost paralegals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours encourages cost-effective delivery of legal services and, by reducing the spiraling costs of civil rights litigation, furthers the policies underlying civil rights

statutes." *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989) (quotation marks and citation omitted). However, it is similarly well-settled within the Seventh Circuit that courts "should disallow not only hours spent on tasks that would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are easily delegable to non-professional assistance." *Spegon*, 175 F.3d at 553 (quotation marks and citation omitted). "The relevant inquiry for requested paralegal fees is whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder." *Id.* (quotation marks and citation omitted). Paralegal rates should not be billed for "purely clerical or secretarial tasks." *Jenkins*, 491 U.S. at 288 n.10.

Courts in the Seventh Circuit have ruled that tasks such as researching and communicating with process servers as well as preparing documents for filing and trial, including downloading, printing, and labeling, are clerical activities. *See, e.g.*, *J.W. v. Metro. Sch. Dist. of Warren Cnty.*, No. 4:19-cv-44-JVB-JPK, 2021 WL 4477568, at *7 (N.D. Ind. Sept. 30, 2021) (collecting cases); *Howard v. Credit Collection Servs., Inc.*, No. 4:23-cv-04099-SLD-JEH, 2024 WL 4136392, at *3 (C.D. Ill. Sept. 9, 2024) ("[C]lerical tasks include: sending pleadings to clients, review of waivers of service and other similar documents, drafting cover sheets, photocopying, and filing documents with the court.") (collecting cases); *Thomas v. Shoshone Trucking, LLC*, No. 4:20-cv-00209-TWP-KMB, 2023 WL 2649490, at *10 (S.D. Ind. Mar. 27, 2023) (observing that "filing documents, conferring with court staff regarding scheduling issues, and preparing short form notices" are all administrative tasks); *Kaylor-Trent v. John C. Bonewicz, P.C.*, 916 F.

11

Supp. 2d 878, 886 (C.D. Ill. 2013) (finding that "calls made to hire process servers" and "updating calendar deadlines" are clerical and should be excluded). In certain entries, Mr. Purnell's counsel has billed attorney rates for tasks properly performed by paralegals or non-professionals, including uploading exhibits, preparing exhibit binders for trial, and calendaring appointments. We find that a percentage reduction is thus warranted to account for the disallowance of time spent on clerical tasks as well as for attorney time billed for tasks that should have been performed by paralegals or non-professional employees.

We also agree with Long Electric's objection to several entries on Mr. Purnell's counsel's time log regarding communications between counsel and various individuals the details of which are too generalized and vague to permit the Court to determine their reasonableness. There are several entries, for example, described only as "Sent text message to William [Purnell]" with no further description. Other entries billed as "Telephone call to client," "Email to D. Smith," "Emails to and from client," "Email to and from J. Flint," or "Telephone calls to Todd Thacker and Ryan Bland," which, lacking in any further description are too vague for the Court to evaluate. Because it is impossible to know the nature of these text messages and telephone calls from such entries, we cannot determine whether such time expenditures were reasonable and/or compensable. Thus, these entries will be deducted from Mr. Purnell's attorney fees request, reducing the request by 0.6 hours of time attributable to Attorney Alexander and 4.5 hours of time attributable to Attorney Stowers. *Cf. Montanez*, 755 F.3d at 555–56 ("The [district court] judge also deducted some hours because they were improperly or

inadequately recorded. For example, the court rejected time billed for vaguely described telephone calls; hours billed as 'call to client' without more, were disallowed. … The district court has broad discretion to strike such vague … billing entries.").

Finally, Long Electric has challenged the time entries listed under the heading "Non-billable Time Entries" on the grounds that, in accordance with Mr. Purnell's counsel's own description, these entries should not be billed. We agree that the self-described "non-billable time entries" should be omitted from the total hours expended. However, from our calculations, it appears that Mr. Purnell has not included those hours in his request for reimbursement. Accordingly, we make no further reductions in the hours to account for those non-billable entries.

### ii. Duplicative and Excessive Entries

Long Electric next argues that this case was significantly overstaffed, resulting in a pattern of duplicative billing and of billing excessive amounts of time for the type of tasks described. Long Electric cites as an example of unreasonable overstaffing Mr. Purnell's request for fees covering work performed by five attorneys, all of whom were present during the three-day trial on this one-count employment discrimination case. Although it is no doubt true that "efficiency can sometimes be increased through collaboration," the Seventh Circuit has observed that "overstaffing cases inefficiently is common and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009). Here, in addition to the three attorneys of record who participated at trial, Mr. Purnell seeks attorneys' fees to

13

compensate for the time of two of Attorney Boyd's associates, Attorney Rollins and Attorney Thompson.  Attorney Rollins billed for a full day on each of the three days of trial for "attendance at trial," while Attorney Thompson billed for shorter increments of time on each of the three trial days for such work as "[a]ssisted witnesses,"[a]nalyze[d] testimony," and "[r]eview[ed] and edit[ed] document."  Dkt. 113-3.

Courts in our district have recognized that "federal trials provide invaluable learning experiences for young attorneys and [have] encourage[d] their participation, [however] it is not reasonable for a firm to bill its clients for its associates' training time." *Walker v. City of Milwaukee*, No. 20-CV-487, 2024 WL 1344244, at *3 (E.D. Wis. Mar. 29, 2024) (citing *Carr v. Inch*, No. 2:14-cv-00001-JMS-MJD, 2021 WL 3891650, at *8 (S.D. Ind. Aug. 13, 2021), *report and recommendation adopted*, No. 2:14-cv-00001-JMS-MJD, 2021 WL 3884288 (S.D. Ind. Aug. 31, 2021) ("The Court also agrees with Defendant that it is not reasonable to award fees for hours expended for 'training' associates.").  This is true in part because, "[w]hile such training undoubtedly improved the efficiency of the work done on this case, it also presumably improved the associates' efficiency in all of their work for the firm, and is thus more akin to an overhead expense than something for which the firm would bill a client." *Id.*  Moreover, there were already three attorneys at Plaintiff's counsel's table.  Obviously, only one at a time is able to question a witness or argue a point of law or evidence.  It is not at all clear why one of the three lawyers at counsel's table was unable to perform the necessary tasks, without enlisting the help of these associates.  Accordingly, we will strike the fees request covering the trial time of Attorneys Rollins (23.0 hours) and Thompson (5.7 hours).

14

We also find excessive Mr. Purnell's counsel's billing for five attorneys to participate in various mock trial scenarios, including a mock jury focus group and two separate mock trials, totaling 25.7 hours, in addition to at least 7.3 more hours billed as "practice" examinations and arguments with co-counsel.  We repeat: this was a relatively straightforward case which, given the attorneys' self-described level of expertise in employment law, posed very few challenges in getting it tried.  In our opinion, the case was not so complex that a mock trial, let alone two mock trials and a mock jury focus group, were even necessary.  These were elective expenses by Mr. Purnell's counsel undertaken apparently to fully prepare the case to be presented to the jury.  *See Montanez v. Chi. Police Officers Fico (Star No. 6284), Simon (Star No. 16497)*, 931 F. Supp. 2d 869, 881–82 (N.D. Ill. 2013) (finding issues presented in straightforward civil rights case "were not sufficiently complex to justify a mock trial, and Plaintiff may not recover for any of that time") (collecting cases), *aff'd*, *Montanez v. Simon*, 755 F.3d 547 (7th Cir. 2014).  This is particularly true for time spent by attorneys acting as mock witnesses.  While it was certainly Mr. Purnell's counsel's prerogative to determine how best to utilize their associates' time, choosing to have them act in such a capacity rather than by enlisting non-professional employees as mock witnesses, Long Electric is not required to reimburse them for that time.  Accordingly, we will strike the following hours spent on mock trials: Attorney Boyd (6.6 hours); Attorney Stowers (6.0 hours); Attorney Clay (5.4 hours); Attorney Rollins (3.0 hours); and Attorney Thompson (4.7 hours).

We also agree with Long Electric that many other entries listed on Mr. Purnell's counsel's time logs are similarly duplicative and/or excessive.  We will not conduct a line-

by-line critique of every entry, but will highlight some of what we regard as egregious examples of padded time entries: 1.5 hours to review Long Electric's two-page initial disclosures; 7.2 hours spent by two attorneys drafting and editing the fact section of the summary judgment response along with duplicative 8.0 hour entries for drafting the legal analysis section of the summary judgment response; Attorneys Boyd and Rollins both billing for attending a settlement conference/mediation when the Court's records reflect that only Attorney Boyd had attended; excessive and duplicative reviews of various depositions; 4.1 hours researching the undersigned's past jury instructions; a combined 4.5 hours billed by two attorneys to learn how to use the court's equipment; four attorneys billing time for reviewing juror questionnaires; two attorneys billing for duplicative research into the jury panel; 1.4 hours billed by one attorney on the last day of trial to "strategize for next day's trial."  Given these duplicative and/or excessive entries, which were peppered throughout Mr. Purnell's attorneys time logs, a reasonable percentage reduction is warranted to offset them.

### 3. Lodestar Calculation

It is well-established that courts "need not, and indeed should not, become green-eyeshade accountants" in deciding issues regarding attorney fees. *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Rather, "[t]he essential goal in shifting fees … is to do rough justice, not to achieve auditing perfection." *Id.*  District courts therefore "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*  Here, after subtracting the hours detailed above from the overall tally and multiplying the resulting hours by the reduced hourly rates determined to be

reasonable by the Court, we calculate a total claim of $132,467.50.  That amount must be reduced by a factor of 15 percent, which accounts for the effect of the issues identified above, including improperly billing for administrative tasks and a pattern of duplicative and excessive time entries.  Thus, the Court shall award the total sum of $112,597.38 as attorney fees, which appropriately reflects the overall difficulty, stakes, and outcome of this litigation.

## II.     Costs Under 42 U.S.C. § 1988

Regarding costs, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Rule 54(d) creates "a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).  The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined—the court must award costs unless it states good reasons for denying them." *Id.*  When awarding costs, district courts exercise discretion in determining whether the costs were reasonable and necessary to the litigation.  *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 454 (7th Cir. 1988).

Here, Mr. Purnell seeks $3,631.74 in costs to which amount Long Electric does not object.  Accordingly, Mr. Purnell is entitled to a reimbursement of $3,631.74 as recoverable costs incurred in the course of this litigation.

### III. Prejudgment Interest

Prejudgment interest "is simply an ingredient of full compensation that corrects judgments for the time value of money." *Matter of P.A. Bergner & Co.*, 140 F.3d 1111, 1123 (7th Cir. 1998). "The basic purpose of prejudgment interest is to put a party in the position it would have been in had it been paid immediately." *Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 935 (7th Cir. 2003). While "[t]he decision to award prejudgment interest lies within the discretion of the district court," *Pickett v. Sheridan Health Care Center*, 813 F.3d 640, 647 (7th Cir. 2016), "[p]re-judgment interest should be presumptively available to victims of federal law violations," *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989), "unless there is a sound reason not to do so," *Matter of Milwaukee Cheese, Wis., Inc.*, 112 F.3d 845, 849 (7th Cir. 1997). Where, a plaintiff fails to include a claim for prejudgment interest relief in his complaint, "the plaintiff must request prejudgment interest, at the latest, in a post-trial motion or else it is waived." *Pickett*, 813 F.3d at 647 (citation omitted).

Here, Mr. Purnell did not request prejudgment interest in his complaint; he did, however, request it in his motion for attorney fees and costs. Accordingly, we find that he has not waived this claim. Nonetheless, given that we have awarded fees based on what we determined to be the attorneys' reasonable *current* hourly rate, rather than any attorney's historical rate, we exercise our discretion not to award prejudgment interest. *See id.* (affirming the district court's decision not to award prejudgment interest on attorney fee award because the fee award was calculated using the attorney's current hourly billing rate).

18

## IV. Conclusion

For the reasons detailed above, Plaintiff's Motion for Award of Attorneys' Fees, Expenses, and Costs [Dkt. 112] is <u>GRANTED IN PART</u>. Accordingly, Plaintiff is awarded $112,597.38 in attorney fees plus $3,631.74 in costs, for a total award of $116,229.12, payable forthwith by Defendant. Final judgment shall be entered accordingly.

IT IS SO ORDERED.

Date:  6/17/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Julie C. Alexander
John H. Haskin & Associates, LLC
jalexander@jhaskinlaw.com

Amber K. Boyd
Amber Boyd Attorney at Law
amber@amberboydlaw.com

Robin C. Clay
CURLIN & CLAY LAW
rclay@curlinclaylaw.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Stephen Rollins, II
Amber Boyd Law
stephen@amberboydlaw.com

Donald S. Smith
RILEY BENNETT EGLOFF LLP
dsmith@rbelaw.com

Gregory A. Stowers
Stowers Legal
gstowers@stowersandweddle.com

Lauren M. Thompson
Amber K. Boyd Attorney at Law
lauren@amberboydlaw.com